UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LLOYD E. DRUMM | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2223 |
| CAROLINE B. DRUMM, ET AL. | * | SECTION "O" (2) |

## ORDER AND REASONS

Plaintiff Lloyd E. Drumm's Motion to Compel is pending before me in this matter. ECF No. 37. The motion was scheduled for submission on Wednesday, April 1, 2026. Although the deadline for filing an Opposition expired on Tuesday, March 24, 2026 (*see* E.D. La. L.R. 7.5), Defendant Hughes D. Drumm, Jr. did not file his Opposition until the afternoon of Tuesday, March 31, 2026. ECF No. 49. In response, Plaintiff has filed a motion for extension of time to reply, along with a request for expedited hearing. ECF Nos. 52, 53.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED, the Motion to Expedite is GRANTED, and the Motion for Extension of Time to Reply is DENIED, all for the reasons stated herein.

## I. BACKGROUND

This case presents alleged breach of fiduciary duty claims between two brothers relating to the management of the finances of their mother, Defendant Caroline B. Drumm ("Mrs. Drumm"). ECF No. 1; *see* LA. REV. STAT. § 9:3851. Plaintiff Lloyd Drumm ("Lloyd") alleges that, among other things, from July 2024 through early October 2025, Defendant Hughes Drumm ("Hughes") used more than $110,000 from Mrs. Drumm's accounts for his personal benefit. ECF No. 1 ¶¶ 1,

1

26-27.[1]  In response to Lloyd's request for a temporary restraining order and preliminary injunction to enjoin Hughes from exercising all powers under the 2017 Power of Attorney, Judge Long entered a consent order on November 4, 2025.  ECF Nos. 4, 10, 12.

Shortly thereafter, on November 24, 2025, Plaintiff Lloyd issued discovery to Defendant Hughes.  Despite repeated multiple extensions, Lloyd asserts that he has received "deficient and incomplete" responses.  ECF No. 37.  Lloyd seeks an order compelling Hughes to produce Mrs. Drumm's September 29, 2024, and October 27, 2025, wills in Hughes's possession, responses to Interrogatory Nos. 11, 15, and 22 and Request for Production Nos. 23, 25, 39, 40 and 42, as well as other items that Hughes asserted had been produced but were not.  *Id.* at 1-2; *see also* ECF No. 37-1 at 6-13.

In his untimely Opposition, Hughes attempts to explain his prior response and asserts that, on March 31, 2026, based on the advice of counsel, he has supplemented the responses to Interrogatory Nos. 11, 15, and 22.  ECF No. 49 at 1-3; No. 49-1.  Likewise, Hughes asserts that, on the advice of counsel, he has supplemented the production in response to Request for Production Nos. 23, 25, 39, 40 and 42.  ECF No. 49 at 3-5.

In response, Lloyd filed a motion for an extension of time to reply to Hughes's untimely response along with a request for expedited hearing.  ECF Nos. 52, 53.

## II.    APPLICABLE LAW AND ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] After filing suit, Lloyd learned that Mrs. Drumm signed two new wills, one in 2024 and another in 2025.  ECF No. 20 at 5-6; *see* ECF No. 20-1 at 9 (Hughes's counsel acknowledging he has the wills).  To date, Lloyd has not sought to amend his pleadings to add any claims relating to same.

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent.[2]

Information need not be admissible into evidence to be discoverable. FED. R. CIV. P. 26(b)(1). Rather, the information merely needs to be proportional and relevant to any claim or defense. *Id.* The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[3] This broader scope is necessary given the nature of litigation, where determinations of relevance in discovery are made well in advance of trial.[4] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[5] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[6] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[7] If relevance is in doubt, the court should be permissive in allowing discovery.[8]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[9] discovery does have "ultimate and necessary boundaries."[10] Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and

---

[2] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011) (citation omitted), *aff'd*, 284 F.R.D. 374 (E.D. La. 2012).

[3] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

[4] *Id.* at 590 n.5 (citation omitted).

[5] *Id.*

[6] *Id*. at 590 (citations omitted).

[7] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).

[8] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

[9] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).

[10] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

speculative fishing expedition."[11]    Indeed, Rule 26(b)(2)(C) *mandates* that the court limit the frequency or extent of discovery otherwise allowed, if it determines:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[12]

Initially, a party's bald assertion of a generalized privacy interest in relevant and responsive materials sought through discovery is insufficient to defeat discovery.  Rather, any privacy interest is customarily addressed through entry of a protective order restricting the disclosure or use of such information to the pending case, particularly when the evidentiary need for the documents outweighs the privacy interest as in this case.  Further, Hughes's attempt to justify his failure to provide relevant, responsive discovery until recent advice of counsel is unpersuasive.  He has been represented by counsel throughout this proceeding, and thus, had the benefit of the counsel's advice from the outset.  The responsive information should have been timely provided.

Hughes has now provided supplemental responses.  Whether those supplemental responses are sufficient, however, is unclear as Lloyd has not yet had the opportunity to review same.  Regardless, Hughes will be ordered to provide full and complete responses to the requested discovery within 14 days.  After review, should the March 31, 2026, supplemental responses plus

---

[11] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[12] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citation omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.).

any additional supplement provided within the specified 14 days be insufficient, Lloyd may then file a new motion to compel seeking all appropriate relief.  Addressing any remaining deficiencies via a Reply Memorandum at this time is improper and would deprive Hughes of an opportunity to respond to Lloyd's new assertions regarding the sufficiency of the supplemental responses.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Lloyd E. Drumm's Motion to Compel (ECF No. 37) is GRANTED.   This Order reserves to Plaintiff the right to file an appropriate motion, with supporting documentation, to recover fees and costs in incurred in filing the motion in accordance with Federal Rule of Civil Procedure 37(a)(5).

IT IS FURTHER ORDERED that Defendant Hughes D. Drumm, Jr. provide full and complete responses to the discovery requests within 14 days.

IT IS FURTHER ORDERED that Plaintiff's Motion for Expedited Hearing (ECF No. 53) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Reply (ECF No. 52) is DENIED.   Plaintiff is free to file a new Motion to Compel should Defendant's supplemental responses remain deficient.

Dated this ___1st__ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE