UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LLOYD E. DRUMM | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2223 |
| CAROLINE B. DRUMM, ET AL. | * | SECTION "O" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Lloyd E. Drumm's ("Lloyd") Motion for Attorneys' Fees and Expenses Pursuant to Rule 37. ECF No. 69. Defendant Hughes D. Drumm, Jr. ("Hughes") filed an untimely Opposition Memorandum. ECF No. 73. Lloyd did not file a Reply but rather filed a Motion for Expedited Hearing and Motion to Strike Hughes' Opposition Memorandum, which are also pending before me. ECF Nos. 75, 76. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, the applicable law, Lloyd's Motion for Expedited Hearing is GRANTED, Motion to Strike is DENIED, and Motion for Attorneys' Fees and Costs is DENIED as unnecessary, for the reasons set forth herein.

## I.    BACKGROUND

This case presents alleged breach of fiduciary duty claims between two brothers relating to the management of the finances of their mother, Defendant Caroline B. Drumm ("Mrs. Drumm"). ECF No. 1; *see* LA. REV. STAT. § 9:3851. Plaintiff Lloyd alleges that, among other things, from July 2024 through early October 2025, Defendant Hughes used more than $110,000 from Mrs. Drumm's accounts for his personal benefit. ECF No. 1 ¶¶ 1, 26-27.

Lloyd issued discovery requests to Hughes on November 24, 2025, and when incomplete responses were delivered after multiple extensions, filed a motion to compel written responses.

1

ECF No. 37.  Hughes failed to file a timely opposition to the motion; instead, he filed an opposition on the afternoon before the submission date asserting that, upon the advice of counsel, he supplemented the prior responses to produce additional documents.  ECF No. 49 at 3-5.  The undersigned rejected Hughes' assertion of privacy as a basis for not providing complete responses and noted that he has been represented by counsel throughout the proceeding.  ECF No. 55.  The undersigned thus granted the motion and ordered Hughes to provide complete responses within 14 days, reserving to Lloyd the right to recover fees and costs in accordance with Rule 37.  *Id.* at 5.

Lloyd filed a motion seeking an order awarding him reasonable fees and costs under Rule 37 and allowing him to submit verified billings reports as required by Local Rule 54.2.  ECF No. 69, 69-1.  Lloyd does not, however, attach the verified billings to this motion nor does he seek a particular award amount.  Hughes again filed an untimely opposition.  ECF No. 73.  In opposition, Hughes asserts that his supplemental responses entailed significant redaction before production, some documents were Mrs. Drumm's personal records that he did not believe he had the authority to share, and that most of the information was produced before the Court granted the motion to compel.  ECF No. 73 at 1-3.  He also argues that he cannot afford to pay sanctions and any sanctions order will result in institutionalizing Mrs. Drumm.  *Id.* at 3-4.  Lloyd seeks to strike the response on the basis that it is untimely.  ECF No. 75.

## II.     APPLICABLE LAW AND ANALYSIS

### A.  Motion to Strike

A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  By its own terms, a motion to strike is directed to pleadings, which Rule 7 defines as the complaint, answer, answer to a counterclaim, answer to a

crossclaim, third-party complaint, and reply to an answer.  FED. R. CIV. P. 7(a).  Although the Fifth

Circuit has not definitively addressed whether a Rule 12(f) motion targeting a brief is appropriate

in light of Rule 7(a),[1] other circuits have limited Rule 12(f) motions to pleadings to deny Rule

12(f) motions directed to motions, briefs or memoranda.[2]  Commentators and numerous decisions

from this district and other districts are in accord.[3]

     As Hughes' untimely opposition memorandum is not a "pleading" under Rule 7, it is not

properly subject to a Rule 12(f) motion to strike.

### B.  Rule 37 Request for Fees and Costs

     Rule 37(a)(5) provides:

---

[1] *United States v. Coney*, 689 F.3d 365, 379 n.5 (5th Cir. 2012) (assuming, without deciding, that a Rule 12(f) motion may be directed towards filings other than pleadings as defined by Rule 7(a)).

[2] *See, e.g.*, *Searcy v. Social Sec. Admin.*, 956 F.2d 278 (10th Cir. 1992) (unpublished) (adopting R&R holding that Rule 12(f) does not apply to motions and memoranda).

[3] *Sharkey v. Humphreys Cnty.*, No. 18-17, 2020 WL 2527027, at *1 (N.D. Miss. May 18, 2020) (citing 5C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed.) ("However, as the cases make clear, it is n[ot] an authorized nor a proper way . . . to strike an opponent's affidavits . . . Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).")); 2 MOORE'S FEDERAL PRACTICE § 12.37 [2] (3d ed. 1999) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."); *Robles v. Quirch Foods, LLC*, No. 24-251, 2025 WL 871606, at *4 (E.D. La. Mar. 20, 2025) (Long, J.) (denying motion to strike motion to dismiss because motions are not pleadings within the scope of Rule 12(f)), *aff'd*, No. 25-30278, 2025 WL 2908822 (5th Cir. Oct. 14, 2025); *Girod Titling Tr. v. Pittman Assets, LLC*, No. 24-1993, 2024 WL 4471458, *4 (E.D. La. Oct. 11, 2024) (Vitter, J.) (holding that motion to remand is not a pleading within the scope of Rule 12(f)); *Pruco Life Ins. Co. v. Breen*, No. 15-3250, 2018 WL 4503945, at *5 (E.D. La. Sept. 20, 2018) (Vance, J.) (denying motion to strike directed to response to a motion); *Wells Fargo Bank, N.A. v. Jones*, No. 07-3599, 2008 WL 11354976, at *2 (E.D. La. June 26, 2008) (Berrigan, J.) (denying motion to strike brief because Rule 12(f) applies to "pleadings," and briefs are not pleadings); *S. River Watershed All., Inc. v. DeKalb Cnty.*, 484 F. Supp. 3d 1353, 1362 (N.D. Ga. 2020) (noting that Rule 12(f) only contemplates the striking of a pleading, and therefore, "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike"); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. 13-6397, 2019 WL 3817389 (E.D.N.Y. Aug. 14, 2019) (noting that second circuit courts regularly deny Rule 12(f) motions targeting briefs and memoranda as opposed to pleadings); *Circle Grp., LLC v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. 2011) (noting that "[m]otions to strike are governed by Federal Rule of Civil Procedure 12(f)," which "rule applies to pleadings, not to motions or briefs filed in support of motions"); *Jeter v. Montgomery Cnty.*, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) ("The terms of Rules 12(f) and 7(a) make clear that only material included in a pleading may be [the] subject of a motion to strike and that motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." (quotations and citations omitted)); *Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624 v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (explaining a motion to strike is not appropriate for briefs and affidavits because they are not "pleadings" within the meaning of Rule 12(f)); *Hrubec v. Nat'l R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993) (observing that objections to a magistrate judge's report and recommendation, a footnote in a memorandum, a motion to strike, and a party's supporting memorandum are not "pleadings" and therefore are not candidates for Rule 12(f)).

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

In awarding fees, federal courts typically use the "lodestar method" as a guide,[4] which provides "an objective basis on which to make an initial estimate of the value of a lawyer's services."[5]  The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[6]  Only the reasonable hours directly connected to the motion to compel are compensable under Rule 37.[7]  Further, only work of a legal nature, not clerical nature, is compensable.[8]

The Court's April 1, 2026, Order granting Plaintiff's motion to compel already conferred upon Plaintiff the right to recovery fees and costs upon submission of appropriate supporting documentation.  ECF No. 55 at 5.  Thus, this current motion, which does not set forth the billing information or other documentation required to obtain a fee award, is entirely unnecessary.

---

[4] *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted).
[5]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[6] *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 437.  Billing judgment refers to the usual practice of writing off unproductive, excessive, or redundant hours. *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).
[7] *Stagner v. W. Kentucky. Navigation, Inc*., No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel."); *see also Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *American Hangar, Inc. v. Basic Line, Inc*. 105 F.R.D. 173, 175–76 (D. Mass. 1985).
[8] *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989); *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009).

In the event that Lloyd seeks to obtain a monetary award in the future, he must confer with Hughes as to a reasonable amount of fees and costs incurred in connection with the filing of the motion to compel at issue (not any pre-motion discovery matters or costs associated with any other motions including the currently pending motions).  If the parties agree, then Hughes shall pay that amount within 30 days.  If the parties do not agree, then Lloyd must, no later than May 26, 2026, file a Motion for Fees and Costs pursuant to Rule 37, which filing must include (a) an affidavit attesting to the billing attorneys' education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2.

III.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Lloyd E. Drumm's Motion for Expedited Hearing is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Lloyd E. Drumm's Motion to Strike is DENIED;

IT IS FURTHER ORDERED that Plaintiff Lloyd E. Drumm's Motion for Attorneys' Fees and Costs is DENIED without prejudice to the filing of a properly supported motion for fees and costs, as previously authorized.

New Orleans, Louisiana, this _____6th_____ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE